## Ex Parte Stein.

*Weak-minded persons — Guardianship—Appointment—Petition—Next of kin—Act of May 28, 1907.*

1. The primary purpose of the Act of May 28, 1907, P. L. 292, is to safeguard the property of weak-minded persons. Proceedings for the accomplishment of that purpose may be instituted under the act upon the application of either the mother, father, brother, sister, husband, wife, child, next of kin or other persons designated. The act confers·no preference upon any of the relatives named as against other of the relatives.

2. It is certainly an untenable proposition that the benefits of this salutary act can be denied or defeated simply because the nearest blood relative may refuse to institute the necessary proceedings.

Petition for appointment of a guardian. C. P. Montgomery Co., Feb. T., 1922, No. 128.

*Evans, High, Dettra & Swartz,* for petitioner; *Neville D. Tyson,* contra.

SWARTZ, P. J.—The evidence clearly establishes that Mrs. Stein is so mentally defective that she is unable to take care of her property, and is liable to dissipate the same and become the victim of designing persons.

The grandson, J. Thibault Cross, filed an answer and exceptions, in which he alleges that Mrs. Stein is not in such weakened mental condition as to require the appointment of a guardian. However, in his final testimony, he is really in accord with the testimony of the other witnesses. He also contends that the court has no jurisdiction to entertain the petition. Mr. Cross is the only lineal descendant of Mrs. Stein. He is unmarried, and if he survives his grandmother he would be her sole heir under the intestate laws. Counsel for Mrs. Stein and Mr. Cross contends that the court has no jurisdiction of the application because Mr. Cross was not consulted before the petition was filed in court.

The application is made by three of the nieces of Mrs. Stein.

The answer of Mr. Cross, as well as his testimony at the first hearing, show that he would not have joined in the application even if he had been consulted.

The primary purpose of the Act of May 28, 1907, P. L. 292, is to safeguard the property of weak-minded persons.

The act opens wide the door to institute proceedings to accomplish this purpose, if the evidence demands the appointment of a guardian.

The application can be made by either the mother, father, brother, sister, husband, wife, child, next of kin, creditor, or, in the absence of such person or persons or their inability, any other person. *Either* of the persons designated may petition. The act confers no preference upon any of the relatives named. The act contemplates that any one of the parties designated may bring the matter to the attention of the court. Whether the alleged weak-minded person is in need of protection is the all-essential inquiry.

"Next of kin" is a general term and includes nephews and nieces.

But we fail to see how Mr. Cross is in a position to complain. He contended that there was no necessity or propriety for the application; therefore, he would not and could not have signed a petition alleging that Mrs. Stein needed a guardian, even if it had been presented to him.

It is certainly an' untenable proposition that the benefits of this salutary act can be denied or defeated simply because the nearest blood relative may refuse to institute the necessary proceedings under the act.

Mr. Cross had his day in court and gave us the benefit of his testimony. He had a full hearing upon the application before us.

Ex Parte Stein.

It is also contended that no guardian can be appointed for Mrs. Stein because she is protected by faithful attendants, so that she cannot become the victim of any designing person.

The court must inquire into her mental condition and is not called upon to pass upon the fidelity of her attendants. We are convinced that she is surrounded by guardians of the highest integrity and honesty. There is no intimation that Mr. Cross, Miss King or any others in the house wasted her estate. Their fidelity deserves the highest commendation.

We must inquire whether she is weak-minded, so that she is liable to dissipate her property and become the victim of designing persons unless she has the protection of a guardian.

The fact that she needs some one to safeguard her estate is convincing proof that she requires a guardian under the said Act of 1907.

Who can say that her faithful attendants will continue to serve as her protectors? They may leave and others may take their places. No matter how carefully they are selected, they may not prove to be of the same integrity as her present attendants.

For the reasons assigned, we shall enter a proper decree when submitted.

The exceptions to the proceedings are dismissed, May 17th.